1 | JEFFREY M. LENKOV, ESQ. (SBN 156478)
SUMMER BRIDGES, ESQ. (SBN 249578)
2 | **MANNING & KASS**
**ELLROD, RAMIREZ TRESTER** LLP
3 | 15th Floor at 801 Tower
801 South Figueroa Street
4 | Los Angeles, CA 90017
Telephone: (213) 624-6900
5 | Facsimile: (213) 624-6999
Attorneys for Defendant KOHL'S DEPARTMENT STORES, INC. and erroneously
6 | sued as KOHL'S CORPORATION

FILED

2012 JUL 10  PM 12: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | AMBER CULLEN, guardian ad litem
for KATELIN CULLEN (minor) and
12 | AMBER CULLEN,
13 |         Plaintiffs,
14 | vs.
15 | KOHL'S DEPARTMENT STORES,
INC., KOHL'S CORPORATION, and
16 | DOES 1 to 100 Inclusive,
17 |         Defendants.
18 |

Case No.: SACV12-1125-JUS(ANx)

**DEFENDANT KOHL'S
DEPARTMENT STORES, INC.'S
NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §1441(b);
AND DECLARATION OF SUMMER
BRIDGES IN SUPPORT THEREOF**

*Complaint Filed:* August 16, 2011

19 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20 |     **PLEASE TAKE NOTICE** that Defendant KOHL'S DEPARTMENT

21 | STORES, INC., hereby removes to this Court the State Court action described

22 | below:

23 |     1.    On August 16, 2011, Plaintiff AMBER CULLEN, individually and as

24 | guardian ad litem for KATELIN CULLEN, filed this action in the Superior Court of

25 | the State of California, County of Orange, as Case No. 30-2011-00500532.  Attached

26 | hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint.

27 | Attached hereto as Exhibit "B" is a true and correct copy of Kohl's Answer filed on

28 | May 25, 2012.

damages plus $85,803.00 for medical expenses.  Plaintiff served this Statement of Damages, by mail, on July 3, 2012.

7.      Thus, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. §1332(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on July 9, 2012.

Summer Bridges

# DECLARATION OF SUMMER BRIDGES

I, SUMMER BRIDGES, declare that:

1.      I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California.  I am an associate of the law offices of Manning & Kass, Ellrod, Ramirez, Trester LLP, the attorneys for Defendant, KOHL'S DEPARTMENT STORES, INC., in this action.  If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2.      On August 16, 2011, Plaintiff AMBER CULLEN, individually and as guardian ad litem for KATELIN CULLEN, filed this action in the Superior Court of the State of California, County of Orange, as Case No. 30-2011-00500532.  Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint.  Attached hereto as Exhibit "B" is a true and correct copy of Kohl's Answer filed on May 25, 2012.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant KOHL'S DEPARTMENT STORES, INC., pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Diversity of the parties exists as AMBER CULLEN AND KATELIN CULLEN are citizens of the State of California, County of Orange.

5.      Defendant KOHL'S DEPARTMENT STORES, INC., is a Delaware corporation with its headquarters and principal place of business located in the City of Menomonee Falls, Wisconsin.

6.Plaintiff's lawsuit asserts one cause of action against Kohl's for premises liability.  In Plaintiff's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "C", Plaintiff seeks $50,000 for general compensatory

2.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant KOHL'S DEPARTMENT STORES, INC., pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.     Diversity of the parties exists as AMBER CULLEN AND KATELIN CULLEN are citizens of the State of California, County of Orange.

4.     Defendant KOHL'S DEPARTMENT STORES, INC., is a Delaware corporation with its headquarters and principal place of business located in the City of Menomonee Falls, Wisconsin.

5.     Plaintiff's lawsuit asserts one cause of action against Kohl's for premises liability.  In Plaintiff's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "C", Plaintiff seeks $50,000 for general compensatory damages plus $85,803.00 for medical expenses.  Plaintiff served this Statement of Damages, by mail, on July 3, 2012.

6.     Thus, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. §1332(a).


Dated:  July 9, 2012                              MANNING & KASS
                                                  ELLROD, RAMIREZ, TRESTER LLP



                                                  By: _____
                                                      Jeffrey M. Lenkov
                                                      Summer Bridges
                                                  Attorneys for Defendant KOHL'S
                                                  DEPARTMENT STORES, INC. and
                                                  erroneously sued as KOHL'S
                                                  CORPORATION

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 06 2012

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KOHL'S DEPARTMENT STORES, INC.
Kohl's Corporation, Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMBER CULLEN,  guardian ad litem for KATELIN CULLEN (minor)
and AMBER CULLEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):*  Orange County Superior Court | CASE NUMBER: *(Número del Caso):* 30-2011-500532 |
|---|---|

700 Civic Center Drive West
Santa Ana, Ca 92702-0838

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Hennes, Esq.  2130 Main Street, Suite 200, Huntington Beach, CA  92648  714/536-6023

| DATE: *(Fecha)* MAR 06 2012 | **ALAN CARLSON** Clerk, by *(Secretario)* D. NORMAN | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Kohl's Corporation

under: ☒ CCP 416.10 (corporation)　　☐ CCP 416.60 (minor)
　　　　☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
　　　　☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)

　　　　☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

CHRISTOPHER J. HENNES, Esq.   (SBN 71176)
2130 Main Street, Suite 200
Huntington Beach, CA 92648
714/536-6023

TELEPHONE NO: (714) 536-6023     FAX NO. (Optional): (714)536-6073

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, CA 92702-0838
BRANCH NAME: Central Justice Center

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 16 2011

ALAN CARLSON, Clerk of the Court

BY: A. RINCON   DEPUTY

PLAINTIFF: AMBER CULLEN, KATELIN CULLEN (minor)
guardian at litem for Katelin Cullen and Amber Cullen

DEFENDANT: KOHL'S DEPARTMENT STORES, INC.,
KOHL'S CORPORATION,

☑ DOES 1 TO 100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE   ☑ OTHER (specify): Premises Liability
☐ Property Damage   ☐ Wrongful Death
☑ Personal Injury   ☐ Other Damages (specify):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded   ☐ does not exceed $10,000
                  ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

| CASE NUMBER: |
|---|

30-2011
00500532

JUDGE JAMOA A. MOBERLY
DEPT. C12

1. Plaintiff (name or names): Amber Cullen, Katelin Cullen
   alleges causes of action against defendant (name or names):
   Kohl's Department Stores, Inc., Kohl's Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. Each plaintiff named above is a competent adult
   a. ☑ except plaintiff (name): Katelin Cullen
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☑ a minor   ☐ an adult
         (a) ☑ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CULLEN vs. KOHL'S DEPARTMENT STORES, INC., ET AL. | |

4. ☐ Plaintiff (name):

   Is doing business under the fictitious name (specify):


   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except defendant** (name): Kohls Dept. Stores
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ **except defendant** (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ **except defendant** (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ **except defendant** (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 51-100 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CULLEN vs. KOHL'S DEPARTMENT STORES, INC., ET AL. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: August 15, 2011

CHRISTOPHER J. HENNES, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CULLEN vs. KOHL'S DEPARTMENT STORES, INC., ET AL. | |

| FIRST | CAUSE OF ACTION—Premises Liability | Page 4 |
|---|---|---|
| (number) | | |

ATTACHMENT TO    ☑ Complaint    ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.** Plaintiff *(name):* AMBER CULLEN, KATELIN CULLEN
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* August 16, 2009    plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
Kohl's Department Store, 7777 Edinger Avenue #136, Huntington Beach, CA 92647
Plaintiff Amber Cullen was pregnant with plaintiff Katelin Cullen when she was injured in a
slip and fall incident at defendant's retail department store. As a result of Amber Cullen's
aforementioned injuries, Katelin Cullen was born six weeks prematurely. Katelin's premature
birth caused numerous medical problems and permanent injuries that have required continuous
medical care and several hospitalizations since birth.

**Prem.L-2.** ☑ **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
KOHL'S DEPARTMENT STORES, INC.
KOHL'S CORPORATION
☑ Does 1 to 100

**Prem.L-3.** ☐ **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

☐ Does to
Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

**Prem.L-4.** ☐ **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

☐ Does to
a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☐ The condition was created by employees of the defendant public entity.

**Prem.L-5.** a. ☑ **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*
KOHL'S DEPARTMENT STORES, INC.
KOHL'S CORPORATION
☑ Does 1 to 100

b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Page 1 of 1

CAUSE OF ACTION—Premises Liability

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

# EXHIBIT B

1   JEFFREY M. LENKOV, ESQ. (SBN 156478)
    SUMMER BRIDGES, ESQ. (SBN 249578)
2   **MANNING & KASS**
    **ELLROD, RAMIREZ TRESTER** LLP
3   15th Floor at 801 Tower
    801 South Figueroa Street
4   Los Angeles, CA 90017
    Telephone: (213) 624-6900
5   Facsimile:  (213) 624-6999
    Attorneys for Defendant **KOHL'S DEPARTMENT STORES, INC.** and erroneously sued as
6   **KOHL'S CORPORATION**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10

11

12   AMBER CULLEN, guardian ad litem for        )   **Case No.:** 30-2011-00500532-CU-PO-CJC
     KATELIN CULLEN (minor) and AMBER           )
13   CULLEN,                                     )
                                                 )
14                  Plaintiffs,                  )
                                                 )
15   vs.                                         )
                                                 )
16   KOHL'S DEPARTMENT STORES, INC.,             )   **ANSWER TO UNVERIFIED**
     KOHL'S CORPORATION, and DOES 1 to 100 )       **COMPLAINT; DEMAND FOR JURY**
17   Inclusive,                                  )   **TRIAL**
                                                 )
18                  Defendants.                  )
                                                 )
19   _____ )

20                                         *Complaint Filed:* August 16, 2011

21         COMES NOW Defendant, **KOHL'S DEPARTMENT STORES, INC.** and erroneously

22   sued as **KOHL'S CORPORATION**  and answering the unverified complaint on file herein,

23   alleges as follows:

24         1.     Under the provisions of *§431.30 of the California Code of Civil Procedure*, each and

25   every allegation, and all the allegations, and each cause of action in the Complaint, and the whole

26   thereof, is denied; and it is expressly denied that as a direct and proximate result of any act or

27   omission on the part of this answering defendant, that plaintiff sustained injury or damage in the

28   amount alleged, or in any amount, or amounts, or at all.

G:\docsdata\JML Cullen, Amber v. Kohl's Pldgs\ANSWER.wpd

## FIRST AFFIRMATIVE DEFENSE

2.    AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if this defendant is found to have been negligent, and if the plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

3.    AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the plaintiff is entitled to recover damages against this defendant by virtue of the Complaint, this defendant prays that said recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

4.    AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff were directly and proximately caused and contributed to by the negligence of a third party(ies) in that the said third parties did not exercise proper or necessary care or control over plaintiff at about the time of the happening of the incident complained of.

///

///

///

G:\docsdata\JM\Cullen, Amber v. Kohl's Pldgs\ANSWER.wpd

## FOURTH AFFIRMATIVE DEFENSE

5.     AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges that plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein thereby assumed the risks and hazards thereof.

## FIFTH AFFIRMATIVE DEFENSE

6.     AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that if plaintiff is entitled to a joint judgment against this defendant and the remaining defendants, and each of them, this defendant prays that this Court order each of the judgment debtors to pay to plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this defendant is required to pay plaintiff a disproportionate share of any joint judgment, this defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

## SIXTH AFFIRMATIVE DEFENSE

7.     AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

## SEVENTH AFFIRMATIVE DEFENSE

8.     AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof this defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

9.    AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that the Complaint, and all causes of action therein, are barred by the statute of limitations of the Code of Civil Procedure, including but not limited to *C.C.P. §§ 337.1, 337.15, 338 and 340.*

## NINTH AFFIRMATIVE DEFENSE

10.    AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, to the Complaint and each cause of action thereof, this defendant alleges that payments have heretofore been made on behalf of defendant to plaintiff in an amount to be proved at trial without any admission of liability or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is, pursuant to *Insurance Code §11583*, entitled to a credit in that amount against any settlement made or judgment rendered herein.

## TENTH AFFIRMATIVE DEFENSE

11.    AS AN TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered by plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault. *Civil Code, §1431, et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

13.    AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has unreasonably failed to mitigate damages, if any.

///

///

-4-

ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

## THIRTEENTH AFFIRMATIVE DEFENSE

14.     AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this party was given no notice of any alleged dangerous condition on its property in time to rectify any such alleged condition prior to the injuries of the plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

15.     AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant had no actual or constructive knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused her injures.

## FIFTEENTH AFFIRMATIVE DEFENSE

16.     AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant alleges that this subject action is frivolous and plaintiff and her attorney are liable for sanctions pursuant to *C.C.P. §128.5 and §128.7.*

## SIXTEENTH AFFIRMATIVE DEFENSE

17.     AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant had no ownership interest in, or control of, the premises and/or area whereat plaintiff claims to have been injured.

**WHEREFORE**, answering defendant prays that plaintiff take nothing by the Complaint; that answering defendant have judgment for costs of suit incurred herein; and for such further relief as this Court may deem just and proper.

Dated:  May 22, 2012

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov
Summer Bridges
Attorneys for Defendant, KOHL'S
DEPARTMENT STORES, INC. and
erroneously sued as KOHL'S
CORPORATION

G:\docsdata\JML\Cullen, Amber\v. Kohl's Pldgs\ANSWER.wpd

ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant, **KOHL'S DEPARTMENT STORES, INC. and erroneously sued as**

**KOHL'S CORPORATION** hereby demand trial of this matter by jury.

Dated: May 22, 2012

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov
Summer Bridges
Attorneys for Defendant
KOHL'S DEPARTMENT STORES,
INC. and erroneously sued as KOHL'S
CORPORATION

-6-

G:\docsdata\JML\Cullen, Amber v. Kohl's\Pldgs\ANSWER.wpd

ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE
CULLEN vs. KOHL'S - Case No. 30-2011-500532
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On May 24 2012, I served the document described as **ANSWER TO UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as follows:

Christopher J. Hennes, Esq.
2130 Main Street, Suite 200
Huntington Beach, CA 91648
Telephone No. (714) 536-6023
Fax No.        (714) 536-6073
*Attorneys for Plaintiffs Amber Cullen and*
*Katelin Cullen, a minor*

☒ **(BY MAIL)** I caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) were/was mailed with postage thereon fully prepaid. I placed such envelope(s) with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document in envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above or on the attached service list. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by UPS service carrier to receive documents for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee(s) at the listed fax number(s) as indicated above or on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope(s) by hand to the offices of the addressee(s) as indicated above or on the attached service list via NATIONWIDE LEGAL, INC.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 24 2012, at Los Angeles, California.

MARTHA ALFARO

-7-

# EXHIBIT C

- DO NOT FILE WITH THE COURT-

CIV-050

-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Christopher J. Hennes    SBN 71176 <br> 2130 Main Street <br> Suite 200 <br> Huntington Beach, CA 92648 | 714 536-6023 | |

ATTORNEY FOR *(name):*  Plaintiff, Amber Cullen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, California 92701

BRANCH NAME: Central Justice Center

PLAINTIFF: AMBER CULLEN

DEFENDANT: KOHLS DEPARTMENT STORES, INC.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> 30-2011-500532 |
|---|---|

To *(name of one defendant only):* KOHLS DEPARTMENT STORES, INC.

Plaintiff *(name of one plaintiff only):* AMBER CULLEN

seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                                        AMOUNT

  a. [✓]  Pain, suffering, and inconvenience ............................................................... $ 50,000

  b. [ ]  Emotional distress. ............................................................................... $ _____

  c. [ ]  Loss of consortium ............................................................................... $ _____

  d. [ ]  Loss of sociey and companionship *(wrongful death actions only)* ................................ $ _____

  e. [ ]  Other *(specify)* ................................................................................. $ _____

  f. [ ]  Other *(specify)* ................................................................................. $ _____

  g. [ ]  Continued on Attachment 1.g. .................................................................... $ _____

**2. Special damages**

  a. [✓]  Medical expenses *(to date)* ...................................................................... $ 85,803

  b. [ ]  Future medical expenses *(present value)* ......................................................... $ _____

  c. [ ]  Loss of earnings *(to date)* ..................................................................... $ _____

  d. [ ]  Loss of future earning capacity *(present value)* ................................................. $ _____

  e. [ ]  Property damage ................................................................................. $ _____

  f. [ ]  Funeral expenses *(wrongful death actions only)* ................................................. $ _____

  g. [ ]  Future contributions *(present value)* *(wrongful death actions only)* ............................ $ _____

  h. [ ]  Value of personal service, advice, or training *(wrongful death actions only)* .................. $ _____

  i. [ ]  Other *(specify)* ................................................................................. $ _____

  j. [ ]  Other *(specify)* ................................................................................. $ _____

  k. [ ]  Continued on Attachment 2.k. .................................................................... $ _____

3. [ ]  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify).*. $ _____
  when pursuing a judgment in the suit filed against you.

Date:  July 2, 2012

Christopher J. Hennes

_____    ▶ _____

    (TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

## PROOF OF SERVICE BY MAIL [C.C.P. S1013(a) and S2015.5]

STATE OF CALIFORNIA      )
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2130 Main Street, Suite 200, Huntington Beach, CA 92648.

On July 3, 2012 I served the foregoing document(s) described as: **STATEMENT OF DAMAGES** on defendants' attorney in this action by placing a true copy of the original document listed above in a sealed envelope with postage thereon fully prepaid addressed as follows:

Jeffrey M. Lenkov, Esq.
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017

[  ]  BY PERSONAL SERVICE:  I delivered such envelope by hand to the offices of the addressee.

[ ] BY ELECTRONIC MAIL:  I sent such document via facsimile mail to the number(s) noted above.

[X]  BY MAIL:  As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Executed on July 3, 2012, at Huntington Beach, California.

[  ] BY FEDERAL EXPRESS OVERNIGHT MAIL deposited on _____

[X]   STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]   FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DIANA L. RUIZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1125 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=== === === === === === === === === === === === === === === === === ===

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMBER CULLEN

**DEFENDANTS**
KOHL'S DEPARTMENT STORES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Christopher J. Hennes, Esq.
2130 Main Street, Suite 200
Huntington Beach, CA 91648    Tel. No. (714) 536-6023

Attorneys (If Known)

Jeffrey M. Lenkov, Esq./Summer Bridges, Esq.
Manning & Kass, Ellrod, Ramirez, Trester LLP
801 S. Figueroa Street, Los Angeles, CA 90017
Tel. No. (213) 624-6900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332, 28 U.S.C. Section 1441 (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: SACV12-1125

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; or Foreign Country, in which EACH named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; or Foreign Country, in which EACH named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)  List the County in this District; California County outside of this District; or Foreign Country, in which EACH claim arose.

Note:  In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _Robert P. Ware_   SBN 178122   Date  _10 July 2012_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |